Honorable Benjamin H. Settle

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

PENINSULA COMMUNITY HEALTH
SERVICES,

Plaintiff,

v.

OLYMPIC PENINSULA HEALTH
SERVICES PS; ATIF MIAN and JANE DOE
MIAN; ANN FAILONI and JOHN DOE
FAILONI,

Defendants.

Civil Action No. 20-cv-5999BHS

DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

NOTE ON MOTION CALENDAR:
April 30, 2021

**TABLE OF CONTENTS**

INTRODUCTION.................................................................................................... 1

STATEMENT OF FACTS...................................................................................... 2

I.      PCHS .......................................................................................................... 2

II.     OPHS.......................................................................................................... 3

ARGUMENT............................................................................................................ 5

I.      Summary Judgment Standard................................................................ 5

II.     Trademark Infringement Standard ...................................................... 6

        A.      *The PCHS Mark is Generic or Descriptive Lacking*
                *Secondary Meaning* ................................................................... **6**

        B.      *Likelihood of Confusion* ........................................................... **7**

                1.      Strength of the Mark ....................................................... 8

                2.      Similarity of the Marks ................................................... 11

                3.      Proximity or Relatedness of Services ........................... 15

                4.      Degree of Consumer Care ............................................... 16

                5.      Defendant's Intent in Selecting the Mark .................... 16

                6.      Actual Confusion .............................................................. 17

                7.      Marketing Channels Used................................................ 20

                8.      Likelihood of Expansion of Product Lines ................... 21

        C.      *No Likelihood of Confusion Viewed in Totality* ................... **21**

III.    REMAINING CLAIMS 2-4 DEPEND ON TRADEMARK
        INFRINGEMENT, AND SHOULD THEREFORE BE
        DISMISSED.............................................................................................. **23**

IV.     PCHS PRESENTS NO EVIDENCE THAT IT IS ENTITLED
        TO ANY DAMAGES............................................................................... **23**

CONCLUSION ..................................................................................................... **24**

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - ii
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# TABLE OF AUTHORITIES

**CASES**

*Accuride Intern., Inc. v. Accuride Corp.*, 871 F.2d 1531 (9th Cir. 1989)................................... 12

*Adray v. Adry-Mart, Inc.*, 76 F.3d 984 (9th Cir. 1995)................................................................. 24

*Alchemy II, Inc. v. Yes! Entertainment Corp.*, 844 F. Supp. 560 (C.D. Cal. 1994)................................................................................................................................ 14, 19

*Am. Cyanamid Corp. v. Connaught Labs., Inc.*, 800 F.2d 306 (2d Cir. 1986) .................................................................................................................................................. 14

*American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829 (9th Cir. 1991) ................................................................................................................................ 10

*AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979) .............................................. passim

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .......................................................... 5

*Anti-Monopoly, Inc. v. General Mills Fun Group*, 611 F.2d 296 (9th Cir. 1979) .................................................................................................................................... 6

*Avery Dennison Corp. v. ACCO Brands, Inc.*, 1999 U.S. Dist. LEXIS 21464 (C.D. Cal. 1999)............................................................................................................ 19

*BBC Grp. NV Ltd. Liab. Co. v. Island Life Rest. Grp. Ltd. Liab. Co.*, 413 F. Supp. 3d 1032 (W.D. Wash. 2019)........................................................................ 19, 23

*Boston Duck Tours, LP v. Super Duck Tours, LLC*, 531 F.3d 1 (1st Cir. 2008) .................................................................................................................................... 14

*Brookfield Communs., Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036 (9th Cir. 1999) .......................................................................................................... 8, 19, 21

*Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013 (C.D. Cal. 1998) ......................... 17

*California Security Alarms v. Escobar 's Security Plus Alarm Systems*, 1996 U.S. Dist. LEXIS 14913 (N.D. Cal. 1996) ......................................................... 14

*CareFirst of Md., Inc. v. First Care, P.C.*, 434 F.3d 263 (4th Cir. 2006) ................... 20

*Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026 (9th Cir. 2001) .................................................................................................................................................. 5

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .......................................................... 5

*Century 21 Real Estate Corp. v. Century Life of Am.*, 970 F.2d 874, 23 USPQ2d 1698 (Fed. Cir. 1992) ...................................................................... 13

*China Healthways Institute, Inc. v. Wang*, 491 F.3d 1337 (Fed. Cir. 2007).............................. 11

*Clearly Food & Beverage Co. v. Top Shelf Bevs., Inc.*, 102 F. Supp. 3d 1154 (W.D. Wash. 2015)............................................................................................ 12

*Cohn v. Petsmart*, 281 F.3d 837 (9th Cir. 2002)............................................................ 19

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - iii

Civil Action No. 20-cv-5999BHS

OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

*Computerland Corp. v. Microland Computer Corp.*, 586 F. Supp. 22 (N.D. Cal. 1984) .................................................................................................. 7

*Creamette Co. v. Merlino*, 299 F.2d 55 (9th Cir. 1962) ................................. 14

*Cutter Labs., Inc. v. Air Prods. & Chems., Inc.*, 189 USPQ 108 (TTAB 1975) ........................................................................................................... 14

*Doe v. Univ. of the Pac.*, 467 Fed. Appx. 685 (9th Cir. 2012) ...................... 18

*Dreamwerks Production Group, Inc. v. SKG Studio*, 142 F.3d 1127 (9th Cir. 1998) ............................................................................................... 12

*Duncan Kitchen Grips, Inc. v. Bos. Warehouse Trading Corp.*, 2011 U.S. Dist. LEXIS 164793 (C.D. Cal. 2011)...................................................... 12

*eAcceleration Corp. v. Trend Micro, Inc.*, 408 F. Supp. 2d 1110 (W.D. Wash. 2006) ............................................................................................... 23

*Echo Drain v. Newsted*, 307 F. Supp. 2d 1116 (C.D. Cal. 2003) ................. 19

*Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135 (9th Cir. 2002)............. 7, 8, 9

*Estate of P.D. Beckwith, Inc., v. Comm'r of Patents*, 252 U.S. 538, 40 S. Ct. 414, 64 L. Ed. 705 (1920) ........................................................................ 12

*Fierberg v. Hyundai Motor Am.*, 44 USPQ2d 1305 (C.D. Cal. 1997) .......... 19

*Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143 (9th Cir. 1999).......................................................................................... 6, 7

*Guidroz-Brault v. Missouri Pac. R. Co.*, 254 F.3d 825 (9th Cir. 2001) ........ 24

*Han Beauty, Inc. v. Alberto-Culver Co.*, 236 F.3d 1333, 57 USPQ2d 1557 (Fed. Cir. 2001)....................................................................................... 20

*Hero Nutritionals LLC v. Nutraceutical Corp.*, 2013 U.S. Dist. LEXIS 117392 (C.D. Cal. 2013)......................................................................... 10

*Hunter Indus., Inc. v. Toro Co.*, 110 USPQ2d 1651 (TTAB 2014)............... 13

*James R. Glidewell Dental Ceramics v. Keating Dental Arts, Inc.*, 2013 U.S. Dist. LEXIS 24824 (C.D. Cal. 2013)................................... 5, 9, 14, 15

*JL Beverage Co. v. Jim Beam Brands Co.*, 828 F.3d 1098 (9th Cir. 2016)... 11

*Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Windery*, 150 F.3d 1042 (9th Cir. 1998) ......................................................................................... 6, 7

*KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 125 S. Ct. 542, 160 L. Ed. 2d 440 (2004) .............................................. 8

*La Mexicana, Inc. v. Sysco Corp.*, 1998 U.S. Dist. LEXIS 21158 (W.D. Wash. 1998) .......................................................................................... 20, 23

*Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400 (9th Cir. 1993)......... 24

*M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073 (9th Cir. 2005) ......... 10, 17

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - iv
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES™
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

*Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 290 F. Supp. 2d 1083 (C.D. Cal. 2003).................................................................... 17, 19, 20

*Miss World (UK) Ltd. v. Mrs. Am. Pageants, Inc.*, 856 F.2d 1445 (9th Cir. 1988) ............................................................................................................ 10

*Monster, Inc. v. Dolby Laboratories Licensing Corp.*, 920 F. Supp. 2d 1066 (N.D. Cal. 2013) .............................................................................. 17

*Multi Time Mach., Inc. v. Amazon .com, Inc.*, 804 F.3d 930 (9th Cir. 2018) ............................... 8

*Murray v. Cable Nat'l Broad. Co.*, 86 F.3d 858 (9th Cir. 1996) ....................... 5

*Nabisco, Inc. v. PF Brands, Inc.*, 191 F.3d 208, 51 USPQ2d 1882 (2d Cir. 1999).................................................................................................. 20

*Nautilus Grp., Inc. v. Savvier, Inc.*, 427 F. Supp. 2d 990 (W.D. Wash. 2006) ........................................................................................................................ 22

*Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137 (9th Cir. 2011) .......................................................................................... 8, 15

*New Flyer Indus. Can. ULC v. Rugby Aviation, LLC*, 405 F. Supp. 3d 886 (W.D. Wash. 2019) .................................................................................. 23

*New W. Corp. v. NYM Co. of California, Inc.*, 595 F.2d 1194 (9th Cir. 1979) ........................................................................................................................ 23

*Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 733 P.2d 208 (Wash. 1987) ........................................................................................................................ 23

*Nutri/System, Inc. v. Con-Stan Indus., Inc.*, 809 F.2d 601 (9th Cir. 1987)................................ 20

*Official Airline Guides, Inc. v. Churchfield Publications, Inc.*, 756 F. Supp. 1393 (D. Or. 1990), *aff'd* 6 F.3d 1385 (9th Cir. 1993) ....................... 17

*Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385 (9th Cir. 1993) ........................... 6, 11

*One Indus., LLC v. Jim O'Neal Distrib.*, 578 F.3d 1154 (9th Cir. 2009) ...................... 8, 21, 22

*Palm Bay Imports, Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369 (Fed. Cir. 2005) .......................................................... 12

*Phat Fashions, L.L.C. v. Phat Game Ath. Apparel, Inc.*, 2002 U.S. Dist. LEXIS 15734 (E.D. Cal. Mar. 19, 2002) ............................................... 13

*Playboy Enters., Inc. v Netscape Commc'ns Corp.*, 354 F.3d 1020 (9th Cir. 2004) .................................................................................................................. 17

*Polaroid Corp. v. Oculens, Ltd.*, 196 USPQ 836 (TTAB 1977).................................. 14

*Presto Products, Inc. v. Nice-Pak Products, Inc.*, 9 USPQ2d 1895 (TTAB 1988) .................................................................................................................. 13

*Rearden LLC v. Rearden Commerce, Inc.*, 597 F. Supp. 2d 1006 (N.D. Cal. 2009) .................................................................................................................. 12



*RIPL Corp. v. Google, Inc.*, 2014 U.S. Dist. LEXIS 47210 (W.D. Wash. 2014) ............................................................................................................. 5

*Rolex Watch, U.S.A., Inc., v. Michel Co.*, 179 F.3d 704 (9th Cir. 1999) ...................................... 24

*S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235 (9th Cir. 1982) ............................................................................ 5

*SafeWorks, Ltd. Liab. Co. v. Spydercrane.com, Ltd. Liab. Co.*, 2009 U.S. Dist. LEXIS 90912 (W.D. Wash. 2009) ............................................... 23

*Seattle Endeavors v. Mastro*, 123 Wn.2d 339, 868 P.2d 120 (Wash. 1994) ............................... 23

*Sleep Country USA, Inc. v. Nw. Pac., Inc.*, 2003 U.S. Dist. LEXIS 26055 (W.D. Wash. 2003) ........................................................................................ 24

*Smithkline Beckman Corp. v. Proctor & Gamble Co.*, 591 F. Supp. 1229 (N.D.N.Y. 1984) ............................................................................................ 14

*Solofill v. Rivera*, 2018 U.S. Dist. LEXIS 239674 (C.D. Cal. 2018).................... 5, 15, 16

*SquirtCo v. Seven-Up Co.*, 628 F.2d 1086 (8th Cir. 1980) ................................................. 16

*Suifvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625 (9th Cir. 2005)........................... 8

*Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915 (CCPA 1976) ................................. 15

*UHS of Del., Inc. v. United Health Servs.*, 227 F. Supp. 3d 381 (M.D. Pa. 2016) ................................................................................................................ 16

*Vinh-Sanh Trading Corp. v. SFTC, Inc.*, 2019 U.S. Dist. LEXIS 203609 (N.D. Cal. 2019) ...................................................................................... 10

*Water Pik, Inc. v. Med-Systems, Inc.*, 848 F. Supp. 2d 1262 (D. Col. 2012)............................ 14

**STATUTES**

15 U.S.C. § 1052(d) .......................................................................................... 11

15 U.S.C. § 1125(a) ................................................................................... 6, 23

RCW 19.77 ..................................................................................................... 23

RCW 19.86 ..................................................................................................... 23

**RULES**

Fed. R. Civ. P. 26(a)(1)(A)(iii) ............................................................................ 24

Fed. R. Civ. P. 56(a) ..................................................................................... 5

**TREATISES**

4 McCarthy on Trademarks and Unfair Competition § 23:41 (4th ed.) ...................................... 11

4 McCarthy on Trademarks and Unfair Competition § 23:49 (4th ed.) ...................................... 15



701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**INTRODUCTION**

Defendants Olympic Peninsula Health Services PS, Antif Mian and Jane Doe Mian, and Ann Failoni and John Doe Failoni (collectively "OPHS" or Defendants) respectfully move the Court for summary judgment on all claimed alleged against them by Plaintiff Peninsula Community Health Services ("PCHS").

This is a case that should never have been brought, and one that is ripe for summary judgment dismissal. Evaluation of the controlling Ninth Circuit factors confirms that there is no likelihood of confusion between the extremely weak asserted PCHS mark and the highly distinct OPHS mark:

   

Indeed, the only overlapping features are the common use of geographically descriptive or generic PENINSULA, HEALTH and SERVICES terms and images of Northwest evergreen trees (that look and are colored differently)—that are used by literally hundreds of businesses in Washington State (particularly on the Olympic Peninsula) as well as across the country. PCHS has admitted that the marks are different in dispositive ways. PCHS has also admitted that the companies have peacefully coexisted in different but geographically proximate parts of the Olympic Peninsula for more than three years, each providing different types of publicly critical health services to residents of Western Washington.

OPHS respectfully submits that there is no genuine issue of material fact on these relevant factors and that it is entitled to judgment as a matter of law that there is no likelihood of confusion between PCHS' and OPHS' respective marks.

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 1
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1

## STATEMENT OF FACTS

2      OPHS submits the following statement facts for which there are no genuine issues, as well

3  as further highlighted and substantiated in related sections below.

4  **I.      PCHS**

5      PCHS is a Washington nonprofit corporation. Its principal place of business is located in

6  Bremerton, Washington. Peninsula provides accessible, affordable, and high-quality medical,

7  dental, behavioral health, substance use treatment, and pharmacy services in Kitsap County,

8  Mason County, and the Olympic Peninsula through clinics located in Bremerton, Belfair, Shelton,

9  Kingston, Port Orchard, Poulsbo, and Silverdale, and through several school-based and mobile

10  clinics. (Dkt. 1 at 2)

11      PCHS has used PENINSULA COMMUNITY HEALTH SERVICES as a trade name in

12  Washington since June 1, 1999, and the design mark shown below since February 2001. PCHS

13   adopted its trade name and design mark because its health

14  services coverage included Kitsap Peninsula. PCHS formerly

15  had locations on the Olympic Peninsula, although it no longer

16  does. According to its current website, PCHS locations are as

17  follows on the Kitsap Peninsula.

18  (Lowe Ex. A)



19      PCHS  provides  the  following

20  services under the noted marks:

21      PCHS  uses  its  marks  with
   medical  services  (including  24-
22  hour  on  call  care,  routine
   physicals, immunizations and flu
23  shots,  minor  surgery,  newborn
24  and well child care, women's breast and cervical health care, family planning and
   pregnancy testing, chronic disease care, cancer screening, health education and
25  information, dietary services, chemical dependency coordination services); dental
   services (including preventative care, oral examinations, oral hygiene, digital x-
26  rays, emergency care, and dental education and information); behavioral health
   services  (including  care  coordination  with  primary  care  providers,  depression

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 2
Civil Action No. 20-cv-5999BHS

OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES ᴘʟʟᴄ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

counseling, anxiety counseling, medicated assisted treatment for addiction (e.g., Suboxone, Vivitrol), behavioral health medication consultations with psychiatric providers, healthy lifestyle counseling for concerns such as weight management and sobriety support); and pharmacy services.

(Lowe Ex. B, INT 2)

PCHS markets its services primarily via signs at its office locations, as well as via its website www.pchsweb.org. (Failoni Dec. ¶ 15 & Ex. F)



Notwithstanding its asserted claim in this suit, PCHS claims that it "does not object to parties that use OLYMPIC, PENINSULA, COMMUNITY, HEALTH or SERVICES as lone word elements, or prominent green trees as design elements, in a vacuum." (Lowe Ex. B, INT 9)

## II.   OPHS

OPHS is a Washington for-profit professional services corporation. Its principal place of business is located in Chimacum, Washington. Olympic provides medical and substance use treatment services in Clallam County, Jefferson County, and the Olympic Peninsula through clinics located in Port Angeles and Port Hadlock. Individual Defendant Ann Failoni is an owner of OPHS. John Doe Failoni is Ms. Failoni's husband, but not otherwise involved with OPHS or with any PCHS claim. Dr. Atif Mian performs medical services for OPHS, but is not an owner of otherwise involved with OPHS or with any PCHS claim. Jane Doe Mian is Dr. Mian's wife, but not otherwise involved with OPHS or with any PCHS claim. (Failoni Dec. ¶ 2)

OPHS has used OLYLMPIC PENINSULA HEALTH SERVICES as a trade name in Washington since January 1, 2018, and the design mark shown below since soon thereafter:

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 3
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26



OPHS adopted its trade name and design mark independent of any knowledge of or reference to PCHS. It was selected in part because OPHS health services clinics were located on the Olympic Peninsula, and in part because of love of the view of Olympic Mountains from between Washington evergreen trees, using free clip-art. (Failoni Dec. ¶¶ 3-6 & Exs. A-B; Aldrich Dec. ¶¶ 2-4; Mian Dec. ¶ 2-3) OPHS locations are as follows on the Olympic Peninsula: Port Angeles and Port Hadlock-Irondale, Washington. (Failoni Dec. ¶¶7-9, 11 & Ex. C)



OPHS provides the following services under the noted marks: Substance use disorder treatment, specifically opioid use disorder and alcohol use disorder with medication-assisted treatment (MAT). (Id. ¶ 10)

OPHS markets its services primarily via signs at its clinic locations, as well as via its website www.ophsmat.com and on social media. (Id. ¶ 11 & Ex. D)



PCHS and OPHS do not compete for the same patients, primarily because OPHS offers primarily different services to different individuals out of different clinic locations that are geographically distinct. (Id. ¶ 12)

Since OPHS started in January 2018 to the present, OPHS is not aware of any instance of confusion between OPHS or PCHS. (Id. ¶ 13; Mian Dec. ¶¶ 4-5)

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 4
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES ₚₗₗᴄ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**ARGUMENT**

## I.    Summary Judgment Standard

In a trademark case, the summary judgment standard is essentially the same as that which has been applied in other areas of law through the federal courts. *RIPL Corp. v. Google, Inc*., 2014 U.S. Dist. LEXIS 47210 (W.D. Wash. 2014). Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case, *Id.* at 325, and the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must be specific, admissible evidence identifying the basis for the dispute. *Id.* The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Anderson*, 477 U.S. at 252. A court is "not required to comb the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist*., 237 F.3d 1026, 1029 (9th Cir. 2001).

Summary judgment may be appropriate in the trademark litigation context because a likelihood of confusion between marks can be determined as a matter of law. *See Murray v. Cable Nat'l Broad. Co*., 86 F.3d 858, 860 (9th Cir. 1996); *Solofill v. Rivera*, 2018 U.S. Dist. LEXIS 239674, at *34 (C.D. Cal. Aug. 3, 2018); *James R. Glidewell Dental Ceramics v. Keating Dental Arts, Inc.*, 2013 U.S. Dist. LEXIS 24824, at *8 (C.D. Cal. 2013).

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 5
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## II.     Trademark Infringement Standard

To state an infringement claim under 15 U.S.C. § 1125(a), a plaintiff must prove certain basic elements, including distinctiveness and likelihood of confusion. *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Windery*, 150 F.3d 1042, 1047 (9th Cir. 1998).

### A.     The PCHS Mark is Generic or Descriptive Lacking Secondary Meaning

In *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1151-52 (9th Cir. 1999), the Ninth Circuit affirmed the summary judgment dismissal of a trademark infringement claim on the basis that the term FILIPINO YELLOW PAGES is was too weak, consisting of either generic terms or descriptive terms lacking secondary meaning—neither of which are entitled to protection. The Court relied on the "who-are-you/what-are-you" test: a generic name of the services answers the question "What you do?" *See Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1391 (9th Cir. 1993). Under this test, "if the primary significance of the trademark is to describe the type of product [or service] rather than the producer, the trademark [is] a generic term and [cannot be] a valid trademark." *Anti-Monopoly, Inc. v. General Mills Fun Group*, 611 F.2d 296, 304 (9th Cir. 1979).

Here, there is no question that the terms PENINSULA, COMMUNITY, HEALTH and SERVICES are separately generic. Each of these terms have common dictionary definitions and refer to geographical locations precisely where PCHS provides its services:

| Term | Definition/Meaning |
|---|---|
| PENINSULA | A piece of land that juts out from a larger land mass and is mostly surrounded by water (here in reference to the Olympic Peninsula) |
| COMMUNITY | A group of people living in the same locality and under the same government |
| HEALTH SERVICES | Managed care; Benefits covered under a health contract |

(Lowe Ex. C)

As in *Filipino* the question becomes whether combining the generic terms creates a generic or a descriptive term. Here, because the combined term PENINSULA COMMUNITY HEALTH

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 6

Civil Action No. 20-cv-5999BHS

OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

SERVICES describes the type and location of services—community health services provided on the Olympic Peninsula—even the combined term is generic and entitled to no protection.

Even assuming that the PCHS mark could avoid being deemed generic, if descriptive, it could only qualify as the feeblest of descriptive marks. In the words of one court, "perilously close to the 'generic' line." *Computerland Corp. v. Microland Computer Corp.*, 586 F. Supp. 22, 25 (N.D. Cal. 1984).

Such a weak descriptive mark could be a valid trademark only with a strong showing of secondary meaning. *Filipino*, 198 F.3d at 1151. This is accomplished by acquiring a secondary meaning in the mind of consumers. *Kendall-Jackson*, 150 F.3d at 1047. Secondary meaning can be established through direct evidence such as consumer surveys and consumer testimony, or circumstantially, through "exclusivity, manner, and length of use of a mark; amount and manner of advertising, amount of sales and number of customers, established place in the market, and proof of intentional copying by the defendant." *Filipino*, 198 F.3d at 1151.

PCHS has utterly failed to produce evidence supporting the required strong showing of secondary meaning. Absent such a showing, PCHS's mark lacks distinctiveness as a matter of law.

### B.    Likelihood of Confusion

The test for likelihood of confusion is "whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks.'" *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002) The Ninth Circuit recognizes an eight-factor test set out in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979), to determine whether a defendant's use of a mark or name creates a likelihood of confusion. The factors are: (1) the strength of the mark; (2) the similarity of the marks; (3) the proximity or relatedness of the goods or services; (4) the accused's intent in selecting the mark; (5) evidence of actual confusion; (6) the marketing channels used; (7) the likelihood of expansion of product lines; and (8) the type of goods and the degree of care consumers are likely to exercise. *Sleekcraft*, 599 F.2d at 348-49. Ultimately, the "burden of proving likelihood of confusion rests with the

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 7
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

plaintiff." *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 122, 125 S. Ct. 542, 160 L. Ed. 2d 440 (2004).

"Applying the *Sleekcraft* test is not like counting beans." *One Indus., LLC v. Jim O'Neal Distrib.*, 578 F.3d 1154, 1162 (9th Cir. 2009); *Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137, 1145 (9th Cir. 2011) ("The Sleekcraft factors are intended as an adaptable proxy for consumer confusion, not a rote checklist."). And undisputed facts in a particular case can give rise to a finding of no likelihood of confusion as a matter of law. *Multi Time Mach., Inc. v. Amazon .com, Inc.*, 804 F.3d 930, 936 (9th Cir. 2018). That is why, as noted by the Ninth Circuit, "in several trademark cases, we have concluded that there is no likelihood of confusion as a matter of law and affirmed the district court's grant of summary judgment in favor of the defendant." *Id.* at 935; *see Suifvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). The particular facts in this case and evaluation of the *Sleekcraft* factors shows no likelihood of confusion as a matter of law.

### 1.    Strength of the Mark

"The scope of the trademark protection [given by the court] depends upon the strength of the mark, with stronger marks receiving greater protection than weak ones." *Entrepreneur*, 279 F.3d at 1141. Even assuming that the Court concludes that the PCHS mark is not generic or descriptive lacking secondary meaning, even if deemed suggestive, at best the PCHS mark is presumptively weak. *Brookfield Communs., Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1058 (9th Cir. 1999) (Ninth Circuit has "recognized that, unlike arbitrary or fanciful marks which are typically strong, suggestive marks are presumptively weak.")

As described above, the PCHS mark is weak because it is a composite of four commonly-used terms describing attributes of the services for which it is used, namely health services provided at community centers along the Olympic Peninsula. PCHS admits that all of the clinics where it provides its services are located on a peninsula in Washington State, namely, the Olympic Peninsula. (Id. Ex. D RFA 19-21) PCHS indicates that it provides services for "[r]esidents and

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 8
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

staff of nursing homes, assisted living facilities, and other ***community***-based, congregate living settings" and that its team is "helping our local ***community***." (Id. Ex. E) And PCHS admits that it provides health services, specifically including "primary medical, dental, behavioral ***health*** counseling, substance use treatment, pharmacy services, and ***health*** education and promotion activities for all stages of life." (Id.)



The images in PCHS' mark fare no better. The design includes the image of six Northwest evergreen trees—the official state tree of Washington and the principal reason that Washington State is known as the "evergreen state"—above a curvy line suggesting the ground from which the trees sprang (Lowe Ex. D RFA 9-10) The mark is typically shown in green, consistent with the color of the trees and the greenery of Western Washington. In short, the entirety of the PCHS mark is highly descriptive of the precise services offered in the precise geographical location one would expect upon encountering the mark. These undisputed facts confirm that the mark lacks distinctiveness and even if it is entitled to any protection, such production must be very narrow.

Legal authority confirms this analysis. For example, in *James R. Glidewell*, 2013 U.S. Dist. LEXIS 24824 at *14, the district court granted summary judgment of no trademark infringement noting "Plaintiff's suggestive mark 'BruxZir' is weak, since it is a composite that includes two commonly-used terms describing, respectively, the general malady the product is intended to treat and the material used to manufacture it."

Evidence of third-party use of marks comprised of terms found in the asserted mark, particularly for the same or similar services, further demonstrates the weakness of the mark as a source identifier. *See, e.g., Entrepreneur*, 279 F.3d at 1143-44 ("[T]hat the marketplace is replete with products using a particular trademarked word indicates not only the difficulty in avoiding its use but also, and directly, the likelihood that consumers will not be confused by its use."); *Miss*

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 9
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

*World (UK) Ltd. v. Mrs. Am. Pageants, Inc*., 856 F.2d 1445, 1449 (9th Cir. 1988) (in a crowded field "customers will not likely be confused between any two of the crowd and may have learned to carefully pick out one from the other"). Widespread use of a word by others may serve as confirmation of the need to use that word. *Sleekcraft*, 599 F.2d at 349 (commenting on the lack of evidence that "others have used or desire to use Slickcraft [the trademarked word] in describing their goods"); *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 834 (9th Cir. 1991) (Kozinski, J., dissenting) (listing the number of times the trademarked words occurred in various phone books as evidence of the mark's weakness); *M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1088 (9th Cir. 2005) ("Use of similar marks by third-party companies in the relevant industry weakens the mark at issue."); *Vinh-Sanh Trading Corp. v. SFTC, Inc*., 2019 U.S. Dist. LEXIS 203609, at *8 (N.D. Cal. 2019); *Hero Nutritionals LLC v. Nutraceutical Corp*., 2013 U.S. Dist. LEXIS 117392 (C.D. Cal. 2013) (extensive third party use demonstrated weakness of marks).

OPHS documents literally hundreds of uses of the common terms PENINSULA, COMMUNITY, HEALTH and SERVICES in business and trade names in Washington State alone, including:

1.  More than 350 active Washington businesses with PENINSULA (Lowe Ex. F);

2.  More than 2,900 active Washington businesses with COMMUNITY (Lowe Ex. G);

3.  More than 300 active Washington businesses with HEALTH SERVICES (Lowe Ex. H)

4.  More than 70 active Washington businesses with OLYMPIC PENINSULA (Lowe Ex. I)

5.  40 active Washington businesses with PENINSULA and COMMUNITY / HEALTH / SERVICE (Lowe Ex. J)

In an alternative Yellow Pages search (YP.com), (Lowe Ex. K), OPHS documents more than 30 Seattle-area businesses specifically providing community health services that incorporate

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 10
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

PENINSULA and frequently HEALTH or SERVICES in their name and branding. All total, there are literally hundreds of uses of the same generic or merely descriptive PENINSULA, COMMUNITY, HEALTH and SERVICES terms, including specifically for health services that are in the exact same category of services as provided by PCHS. This documented widespread use of these words demonstrate that others require use of the terms, as well as that the PCHS mark is extremely weak and entitled to little if any scope of protection. This factor weighs heavily in favor of OPHS.

### 2.    Similarity of the Marks

"Similarity of the marks 'has always been considered a critical question in the likelihood-of-confusion analysis." *JL Beverage Co. v. Jim Beam Brands Co.*, 828 F.3d 1098, 1109 (9th Cir. 2016). "Similarity of the marks is tested on three levels: sight, sound, and meaning." *Sleekcraft*, 599 F.2d at 351.

Under the "anti-dissection rule," the likelihood of confusion between two marks "is determined by viewing the trademark as a whole, as it appears in the marketplace." *Official Airline*, 6 F.3d at 1389, 1392 (holding that district court committed "error" when it "analyzed the strength of [plaintiff's] mark by examining . . . the term 'Travel Planner,' standing alone" where plaintiff alleged that its mark "OAG TRAVEL PLANNER" was infringed by defendants' marks "THE TRAVEL PLANNER USA" and "USA TRAVEL PLANNER"); *see also China Healthways Institute, Inc. v. Wang*, 491 F.3d 1337, 1340 (Fed. Cir. 2007) ("It is incorrect to compare marks by eliminating portions thereof and then simply comparing the residue."); 4 McCarthy on Trademarks and Unfair Competition § 23:41 (4th ed.) ("Conflicting composite marks are to be compared by looking at them as a whole, rather than breaking the marks up into their component parts for comparison."); 15 U.S.C. § 1052(d) (referring to a whole "mark" and not portions of a mark when stating that no protection exists where "a mark . . . so resembles [another] a mark . . . as to be likely . . . to cause confusion"). The rationale behind the anti-dissection rule is that the "commercial impression of a trade-mark is derived from it as a whole, not from its elements separated and

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 11
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

considered in detail." *Estate of P.D. Beckwith, Inc., v. Comm'r of Patents*, 252 U.S. 538, 545-46, 40 S. Ct. 414, 64 L. Ed. 705 (1920). Accordingly, "[e]ach must be considered as they are encountered in the marketplace." *Id.* Consumer perception is central to the likelihood of confusion inquiry. *Dreamwerks Production Group, Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998) ("The test for likelihood of confusion is whether a reasonably prudent consumer in the market place is likely to be confused as to the origin of the good or service bearing one of the marks."); *Accuride Intern., Inc. v. Accuride Corp.*, 871 F.2d 1531, 1535 (9th Cir. 1989) ("The critical focus of the likelihood of confusion inquiry is...the effect of defendant's usage of the name on prospective purchasers in the marketplace"); *Rearden LLC v. Rearden Commerce, Inc.*, 597 F. Supp. 2d 1006, 1023 (N.D. Cal. 2009).

Here, the marks considered as a whole as they occur in the marketplace are completely different:

  

The dominant first word of the PCHS mark is PENINSULA, which is different than the dominant first word of the OPHS mark, which is OLYMPIC. This is key, as consumers are generally more inclined to focus on the first word, prefix, or syllable in any trademark or service mark. *Clearly Food & Beverage Co. v. Top Shelf Bevs., Inc.*, 102 F. Supp. 3d 1154, 1170 (W.D. Wash. 2015) (first word in the trademark constitutes the "dominant feature in the commercial impression" created by the mark) (citing *Palm Bay Imports, Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1372 (Fed. Cir. 2005)); *Duncan Kitchen Grips, Inc. v. Bos. Warehouse Trading Corp.*, 2011 U.S. Dist. LEXIS 164793, at *10 (C.D. Cal. 2011) ("courts have looked to first part of a word mark"); *Phat Fashions, L.L.C. v. Phat Game Ath. Apparel, Inc.*,

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 12
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

2002 U.S. Dist. LEXIS 15734, at *26 (E.D. Cal. Mar. 19, 2002) (concluded that identical first word was the dominant feature in each mark); *Hunter Indus., Inc. v. Toro Co.,* 110 USPQ2d 1651, 1660 (TTAB 2014); *Presto Products, Inc. v. Nice-Pak Products, Inc.*, 9 USPQ2d 1895, 1897 (TTAB 1988) (stating that "it is often the first part of a mark which is most likely to be impressed upon the mind of a purchaser and remembered"); *Century 21 Real Estate Corp. v. Century Life of Am.*, 970 F.2d 874, 876 (Fed. Cir. 1992) (upon encountering the marks, consumers will first notice the identical lead word).

The second word of the PCHS mark, COMMUNITY, is not found in the OPHS mark. Conversely, the dominant first word OLYMPIC of the OPHS mark is not found in the PCHS mark. The OPHS mark includes prominently the acronym OPHS, which is not found in the PCHS mark. The PCHS mark design is also completely different from that of OPHS. The PCHS mark has an image of six light-green evergreen trees side-by-side above a curvy line, all to the left of the words PENINSULA COMMUNITY HEALTH SERVICES, which are presented each word above the next. In contrast, the OPHS mark has an image of two differently styled dark-green evergreen trees separated by a mountain range image, all above the acronym OPHS with each tree growing out of the "O" and "S" letters of the acronym, all of which is above the term OLYMPIC PENINSULA HEALTH SERVICES in white, with the OLYMPIC PENINSULA words above the HEALTH SERVICES words. Each of these critical points of distinction have been admitted to by PCHS. (Lowe Ex. 5 RFA 1-16)

Indeed, the only similarity between the marks are (1) the geographically descriptive term PENINSULA, which appears at different locations within the textual element of each mark (first for the PCHS mark but second for the OPHS mark); (2) the generic term HEALTH SERVICES describing that both parties provide health services; and (3) use of different images of the Washington State evergreen tree (six side-by-side in the PCHP mark above a curvy line versus two in the OPHS mark, separated by a mountain image and above the additional term OPHS). But even these similarities weigh against a finding of a likelihood of confusion because "[w]hen the

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 13
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

commonality between composite marks is a term that is, by itself, descriptive, courts find the likelihood of confusion reduced." *James R. Glidewell*, 2013 U.S. Dist. LEXIS 24824 at \*19. As noted above, each of these terms is at best merely descriptive, and at worst generic.

Courts have consistently found competing marks dissimilar where the only commonality of the marks is a descriptive term. *Sleekcraft*, 599 F.2d at 351 ("Craft, a generic frequently used in trademarks on boats is not itself protectable ..."); *Creamette Co. v. Merlino*, 299 F.2d 55, 58 (9th Cir. 1962) (finding that "Creamette" was not similar to "Majorette" despite the common suffix); *California Security Alarms v. Escobar 's Security Plus Alarm Systems*, 1996 U.S. Dist. LEXIS 14913 (N.D. Cal. 1996) (finding the parties' marks dissimilar where the commonality, "Security," describes the parties' services); *Alchemy II, Inc. v. Yes! Entertainment Corp.*, 844 F. Supp. 560, 569 (C.D. Cal. 1994) (finding the marks "Teddy Ruxpin" and "TV Teddy" dissimilar where the commonality, "Teddy," describes the parties' products : plush, talking teddy bears); *Boston Duck Tours, LP v. Super Duck Tours, LLC*, 531 F.3d 1, 25 (1st Cir. 2008) (finding the marks "Boston Duck Tours" and "Super Duck Tours" describes the parties' services); *Am. Cyanamid Corp. v. Connaught Labs., Inc.*, 800 F.2d 306 (2d Cir. 1986) (finding no likelihood of confusion between "HibVAX" and "HiblMMUNE" in part because the term "Hib" signified that the respective vaccines at issue were designed to treat haemophilus influenza to type b); *Water Pik, Inc. v. Med-Systems, Inc.*, 848 F. Supp. 2d 1262, 1272 (D. Col. 2012) (finding the marks SinuCleanse and SinuSense dissimilar where the commonality, "sinu," is common in the sinus irrigation market); *Smithkline Beckman Corp. v. Proctor & Gamble Co.*, 591 F. Supp. 1229, 1238 (N.D.N.Y. 1984) (finding the marks ECOTRIN and ENCAPRIN dissimilar where the commonality, "RIN," is derivative of the generic term "aspirin"); *Cutter Labs., Inc. v. Air Prods. & Chems., Inc.*, 189 USPQ 108 (TTAB 1975) (finding no likelihood of confusion between "STERIFLEX" and "RESIFLEX" in part because the suffix "FLEX" is a descriptive term indicating the flexible nature of the product); *Polaroid Corp. v. Oculens, Ltd.*, 196 USPQ 836 (TTAB 1977) (finding no likelihood of confusion between "POLAROID" and "FILTEROID" in part because the term

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 14
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

"OID" is a common one indicating "resemblance" or "likeness"); *Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915, 916-17 (CCPA 1976) (finding no likelihood of confusion between "TEKTRONIX" and "DAKTRONICS " in part because the suffix "TRONIX"/"TRONICS" merely indicates that the goods are electronic in nature); 4 McCarthy on Trademarks and Unfair Competition § 23:49 (4th ed.) (when the common element of two trademarks is a generic term, the likelihood of confusion is reduced, as the public has come to expect that element on different products).

Because the only commonality between the parties' marks are the generic or descriptive terms PENINSULA, HEALTH SERVICES and use of the Washington State evergreen tree, this fact "weights strongly in favor of Defendant[s]." *James R. Glidewell*, 2013 U.S. Dist. LEXIS 24824 at * 19-20; *Solofill*, 2018 U.S. Dist. LEXIS 239674, at *27-30 ("while there are some similarities between the marks, they are largely suggestive of the product. For this reason, the similarities are weak and are further weakened by numerous disparities. Viewing the evidence in the light most favorable to Plaintiff, the Court finds that this factor weighs only slightly in favor of Solofill"). This factor weighs heavily in favor of OPHS.

### 3.    Proximity or Relatedness of Services

"Related goods are generally more likely than unrelated goods to confuse the public as to the producers of the goods." *Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137, 1150 (9th Cir. 2011). "[T]he danger presented is that the public will mistakenly assume there is an association between the producers of the related goods, though no such association exists." *Id.* "The proximity of goods is measured by whether the products are: (1) complementary; (2) sold to the same class of purchasers; and (3) similar in use and function." *Id.*

Here, OPHS acknowledges that the parties both provide health services through various offices on the Olympic Peninsula. However, within the broad category of "health services" the parties respective services are different. PCHS touts is services as primary medical, dental, behavioral health counseling, substance use treatment, pharmacy services, and health education

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 15
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

and promotion activities for all stages of life. In contrast, OPHS is a group of physicians and mid-level providers treating substance use disorder, specifically opioid use disorder and alcohol use disorder with medication-assisted treatment (MAT). Thus, while the health services are overlapping, the scope and focus is different, making this factor neutral in the *Sleekcraft* analysis.

### 4.    Degree of Consumer Care

"In assessing the likelihood of confusion to the public, the standard used by the courts is the typical buyer exercising ordinary caution." *Sleekcraft*, 599 F.2d at 353. "[W]hen the goods are expensive, the buyer can be expected to exercise greater care in his purchases; again, though, confusion may still be likely." *Id.* Indeed, the degree of care exercised by the purchaser can eliminate the likelihood of confusion which would otherwise exist. *See SquirtCo v. Seven-Up Co.*, 628 F.2d 1086, 1091 (8th Cir. 1980).

Without any evidence that consumers actually exhibit a low degree of care, this factor cannot, as a matter of law, support PCHS. *Solofill*, 2018 U.S. Dist. LEXIS 239674 at *32-33. On the other hand, as would be expected, important health care decisions "doubtless trigger a heightened standard of care in the ordinary consumer." *UHS of Del., Inc. v. United Health Servs.*, 227 F. Supp. 3d 381, 395 (M.D. Pa. 2016). This is confirmed by witnesses working at the OPHS clinics. (Failoni Dec. ¶ 16; Mian Dec. ¶ 6) Accordingly, this factor favors OPHS. Contrary to PCHSs assertion that "many patients and users of OPHS's services have substance abuse issues, which [] puts them at greater than usual risk for confusing similar names and logos for local-area medical providers," (PCHS Ans INT 11) OPHS's patients are not easily confused regarding the provider of their medical services and certainly would not travel several hours to another peninsula, county or town to arrive at the wrong clinic. (Failoni Dec. ¶ 16; Mian Dec. ¶ 6).

### 5.    Defendant's Intent in Selecting the Mark

PCHS can come forward with no evidence on this factor to support a bad-faith intent by OPHS in selecting its mark. To the contrary, the only evidence of record confirms that (1) OPHS came up with and adopted the OLYMPIC PENINSULA HEALTH SERVICES name without any

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 16
Civil Action No. 20-cv-5999BHS

OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

knowledge of or reference to PCHS, and (2) OPHS independently selected the graphic design portion of the mark based on local geographical references and from free clip-art. (Failoni Dec. ¶¶ 3-8; Aldrich Dec. ¶¶ 2-4; Mian Dec. ¶ 2-3) Thus, PCHS, as a matter of law, cannot "establish that defendants entered the field in order to deceive the public by causing confusion." *Official Airline Guides, Inc. v. Churchfield Publications, Inc.*, 756 F. Supp. 1393, 1403 (D. Or. 1990), *aff'd* 6 F.3d 1385, 1394 (9th Cir. 1993); *see also M2 Software,* 421 F.3d 1073, 1085 (9th Cir. 2005). This factor heavily favors OPHS.

### 6.  Actual Confusion

PCHS cannot show evidence of actual confusion. "[A] showing of actual confusion among significant numbers of consumers provides strong support for the likelihood of confusion." *Playboy Enters., Inc. v Netscape Commc'ns Corp.*, 354 F.3d 1020, 1026 (9th Cir. 2004). Here, PCHS did not even attempt to conduct any consumer survey or study. With ample time to present this evidence, PCHS's 'failure to do so "is a powerful indication that the junior trademark does not cause a meaningful likelihood of confusion." *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 290 F. Supp. 2d 1083, 1093 (C.D. Cal. 2003); *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1041 (C.D. Cal. 1998) ("[s]urvey evidence is not required to establish a likelihood of confusion, [] it is often the most persuasive evidence ."); *Monster, Inc. v. Dolby Laboratories Licensing Corp.*, 920 F. Supp. 2d 1066, 1072 (N.D. Cal. 2013) ("[A] trier of fact may be entitled to presume that one party's failure to conduct a survey concedes that the survey evidence would be unfavorable to it."). PCHS has failed to provide consumer evidence of significant, actual confusion. Its failure to do so demonstrates that no reasonable juror would find that there was actual confusion.

In its interrogatory responses, PCHS claims to have evidence of actual confusion, but none of the referenced events provide any evidence of consumer confusion between the PCHS and OPHS marks. Despite "beating the bushes" extensively seeking evidence of actual confusion since 2018, PCHS has only been able to offer the following:

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 17
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

- On a February 2021 call between a PCHS employee (Albert Carbo) and a Heatlh Care Authority – Criminal Justice BH Administrator (Tony Walton), Mr. Walton allegedly referred to PCHS as "Olympic." But there is no evidence that Mr. Walton was confused believing PCHS to be OPHS. Indeed, it is more likely that Mr. Walton simply had in his mind that "Peninsula" referred to "Olympic Peninsula," both commonly used in geographical reference to the Olympic Peninsula area of the country. (Lowe Ex. L, PCHS386-87)

- In a June 2019 exchange between the same PCHS employee (Albert Carbo) and Nick Fradkin of the Washington Depart of Health, Mr. Fradkin references a call he had with another organization regarding work with Jefferson County Jail. In response, Mr. Carbo insinuates that Mr. Fradkin was referencing a call with OPHS, but provides no evidence for that speculation. Moreover, there is no evidence that Mr. Fradkin was confused that PCHS and OPHS were the same organizations. (Id., PCHS480-84)

- Upon solicitation from PCHS CEO Jennifer Kreidler-Moss in January 2021, another employee of PCHS, Bergen Starke, claims to have been in an SBHO meeting in Sequim with a woman that she "thought was representing [PCHS] . . . but later found out that it she was with OPHS," and that she (Ms. Starke) was confused. Even if true, a new PCHS employee mistaking another person as being from her company does not evidence confusion between the PCHS and OPHS marks. (Id., PCHS487-88)

- Also in January 2021, CEO Jennifer Kreidler-Moss attempted to manufacture evidence of actual confusion via an invitation email to another PCHS employee Jolene Culbertson. Ms. Culbertson could only generally state that possible confusion "sounds vaguely familiar," but could offer no specific example of public confusion. (Id., PCHS489-90)

- Also in January 2021, CEO Jennifer Kreidler-Moss attempted to manufacture evidence of actual confusion via an invitation email to a Michael Maxwell. Mr. Maxwell could only generally state that he could "attest to my confusion," but offered no details as to how he was confused or whether it related in any way to PCHS or OPHS marks. (Id., PCHS491-92)

None of these emails show evidence of actual confusion. First, the emails are inadmissible hearsay, and as a result cannot be used to defeat a summary judgment motion. *Doe v. Univ. of the Pac.*, 467 Fed. Appx. 685, 688 (9th Cir. 2012) ("Inadmissible evidence, however, is insufficient to create a relevant factual dispute.").

Second, even if the emails did not constitute inadmissible hearsay, they are not evidence of actual confusion. Evidence of actual confusion must relate to purchasing decisions, and these emails, and even the events purportedly described therein, putting aside the hearsay problem, do

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 18
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

not do so. *Echo Drain v. Newsted*, 307 F. Supp. 2d 1116, 1126 (C.D. Cal. 2003) (noting that "the relevant confusion to be avoided is that which affects purchasing decisions, not confusion generally"); *Cohn v. Petsmart*, 281 F.3d 837, 843 n.7 (9th Cir. 2002) (holding that "Cohn received several dozen inquiries over the years about whether the parties were related. Without some other evidence of actual confusion, however, these inquiries are too ambiguous to demonstrate actual confusion"); *Matrix Motor*, 290 F. Supp. 2d at 1094 (lack of details such as names of people who were allegedly confused, the dates of any inquiries, the nature of the alleged confusion, or any documentary evidence supporting confusion allegations found unreliable and inadmissible hearsay); *Avery Dennison Corp. v. ACCO Brands, Inc.*, 1999 U.S. Dist. LEXIS 21464, at *52-56 (C.D. Cal. 1999) (declarations regarding comments made by unknown confused third parties and misdirected phone calls were inadmissible hearsay, and the court also noted that there was no identification of the confused people, and there was no reason or explanation as to why they were confused); *Fierberg v. Hyundai Motor Am.*, 44 USPQ2d 1305, 1306 (C.D. Cal. 1997) (letters from sponsors discussing actual confusion of third-parties were inadmissible as double hearsay); *Alchemy II, Inc. v. Yes! Entertainment Corp.*, 844 F. Supp. 560, 570 (C.D. Cal. 1994) (claims of misdirected phone calls, a declaration regarding third-party comments showing confusion, and a newspaper article referring to defendant's product as a newer "version" of plaintiff's product, were all inadmissible hearsay).

Absence of actual confusion between two parties that have used their respective marks for years weighs strongly against likelihood of confusion. *BBC Grp. NV Ltd. Liab. Co. v. Island Life Rest. Grp. Ltd. Liab. Co.*, 413 F. Supp. 3d 1032, 1043-44 (W.D. Wash. 2019) (*citing Brookfield*, 174 F.3d at 1050) ("We cannot think of more persuasive evidence that there is no likelihood of confusion between these two marks than the fact that they have been simultaneously used for five years without causing any consumers to be confused as to who makes what."); *Cohn*, 281 F.3d at 843; *Matrix Motor*, 290 F. Supp. 2d at 1093.

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 19
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES ₚₗₗ𝚌

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

In *BBC*, as here, the parties peacefully coexisted for more than three years. Testimony from multiple witnesses confirms that there has been no confusion whatsoever during that time. (Failoni Dec. ¶¶ 7, 13; Mian Dec. ¶¶ 4-5) The *BBC* Court held that the lack of evidence of actual confusion in that case strongly favored no likelihood of confusion. Likewise in this case, the absence of credible, significant evidence of actual confusion under these circumstances militates against a likelihood of confusion. *Citigroup*, 94 USPQ2d at 1662 (since there was a reasonable opportunity for confusion to occur, the lack of any reported instances weighed against a finding of likely confusion); *CareFirst of Md., Inc. v. First Care, P.C.,* 434 F.3d 263, 269 (4th Cir. 2006); *see Han Beauty, Inc. v. Alberto-Culver Co.*, 236 F.3d 1333, 1338, 57 USPQ2d 1557 (Fed. Cir. 2001); *Nabisco, Inc. v. PF Brands, Inc.*, 191 F.3d 208, 228, 51 USPQ2d 1882 (2d Cir. 1999) (lack of evidence about actual confusion after an ample opportunity for confusion "can be a powerful indication that the junior trademark does not cause a meaningful likelihood of confusion"); *La Mexicana, Inc. v. Sysco Corp.*, 1998 U.S. Dist. LEXIS 21158, at *9 (W.D. Wash. 1998) (lack of actual confusion after 2.5 years coexistence).

Without any consumer evidence and no admissible evidence on actual confusion, this factor strongly favors OPHS.

### 7.     Marketing Channels Used

Advertising, the existence of direct competition, and retail distribution are considered when addressing whether the parties use similar marketing channels. *See e.g., Nutri/System, Inc. v. Con-Stan Indus., Inc.*, 809 F.2d 601, 606 (9th Cir. 1987); *Matrix Motor*, 290 F. Supp. 2d at 1094. Here, while the parties both generally provide health services, they do so for different service specialties primarily from their respective clinics located in distinct geographic locations—OPHS on the Olympic Peninsula and PCHS on the Kitsap Peninsula:

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 20
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**OPHS clinic locations**



**PCHS office locations**



(Failoni Dec. ¶ 9 & Ex. C, ¶ 11; Mian Dec. ¶ 4; Lowe Dec. ¶ 2 & Ex. A)

Because PCHS cannot provide any credible, substantive evidence in support of its claim, this factor weighs in favor of OPHS.

### 8.    Likelihood of Expansion of Product Lines

While it is possible that both parties may choose to expand their current service offerings, neither party has offered any evidence of likely expansion. For this reason, this factor is neutral.

### C.    *No Likelihood of Confusion Viewed in Totality*

Even if trademark protection is not precluded due to the generic or merely descriptive nature of the PCHS mark, the *Sleekcraft* factors warrant summary judgment of no likelihood of confusion in favor of OPHS. Five factors (weakness of PCHS mark, dissimilarity of marks, degree of care, intent in selecting mark, lack of actual confusion, marketing channels used) strongly favor or favor OPHS, with the remaining two factors neutral. While the factors favoring OPHS represent a subset of all the *Sleekcraft* factors, the Ninth Circuit has confirmed that "it is often possible to reach a conclusion with respect to likelihood of confusion after considering only a subset of the factors." *One Indus*., 578 F.3d at 1162 (*citing Brookfield*, 174 F.3d at 1054). On this point, the Ninth's Circuit's opinion in *One Industries*, is instructive. The Court there affirmed the district court's summary judgment of no trademark infringement because "we are persuaded that the marks do not look alike, that O'Neal has not produced evidence of actual confusion, and that no

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

reasonable jury could infer that One Industries deliberately appropriated the goodwill associated with the O' mark." *Id*. at 1165. In addition, the Court noted that "[t]he O' mark, though conceptually strong, is weakened by the presence of other, similar marks." *Id*. And finally, the Court stated, "[i]n the absence of evidence of actual confusion or intent to deceive, we decline to grant O'Neal a virtual monopoly on the use of the letter 'O' on motorcycle helmets. The mere fact that the two companies are direct competitors and happen to use the same letter on their products is not sufficient to show infringement." *Id*.

The facts here are even more compelling that those affirmed in *One Industries*. Even if sufficiently distinctive to warrant protection, the PCHS mark is incredibly

 weak. The dominant features of the two marks are completely different, and both have numerous terms and features not  found in the other. The only overlapping features are the common use of geographically descriptive or generic PENINSULA, HEALTH and SERVICES terms and images of Northwest evergreen trees (that look and are colored differently)—that are used by literally hundreds of businesses in Washington State (particularly on the Olympic Peninsula). PCHS has admitted that the marks are different in dispositive ways. OPHS independently selected its mark in good faith and with no reference to the PCHS mark. PCHS has also admitted that the companies have peacefully coexisted in different but geographically proximate parts of the Olympic Peninsula for more than three years, each providing different types of publicly critical health services to residents of Western Washington, with no evidence of actual confusion. Like the court in *One Industries*, the Court here should decline to grant PCHS a virtual monopoly on the use of generic or merely descriptive PENINSULA or HEALTH SERVICES terms, or in using original evergreen tree images. *Accord, e.g., Nautilus Grp., Inc. v. Savvier, Inc.*, 427 F. Supp. 990, 998-99 (W.D. Wash. 2006) (granting summary judgment of no infringement between **BOWFLEX.** and *Body Flex⁺*); *New Flyer Indus. Can. ULC v. Rugby Aviation, LLC*, 405 F. Supp. 3d 886, 905

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 22
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

(W.D. Wash. 2019) (granting summary judgment of no infringement between 

and  ); *La Mexicana,* 1998 U.S. Dist. LEXIS 21158, at *14 (granting summary

judgment of no infringement between SOLENA and CASE SOLANA, despite strong mark and

similar goods, given good faith adoption, lack of actual confusion despite 2.5 years coexistence,

and different types of customers).

Accordingly, OPHS respectfully submits that summary judgment of no trademark

infringement under 15 U.S.C. § 1125(a) should be granted.

## III. REMAINING CLAIMS 2-4 DEPEND ON TRADEMARK INFRINGEMENT, AND SHOULD THEREFORE BE DISMISSED

Claim 1 of the complaint is for alleged trademark infringement of an unregistered mark,

also referred to as unfair competition and false designation of origin under 15 U.S.C. § 1125(a).

Claims 2-4 of the complaint all depend on PCHS' allegations of trademark infringement. (Dkt. 1,

6-9) Because, as shown above, PCHS' trademark allegations fail as a matter of law, Claims 2-4

should also be summarily dismissed. *See, e.g., New W. Corp. v. NYM Co. of California, Inc.*,

595 F.2d 1194, 1201 (9th Cir. 1979); *BBC*, 413 F. Supp. 3d at 1045 (common law, RCW 19.77

and RCW 19.86 claims rise or fall with trademark infringement claims); *SafeWorks, Ltd. Liab. Co.

v. Spydercrane.com, Ltd. Liab. Co*., 2009 U.S. Dist. LEXIS 90912, at *21-22 (W.D. Wash. 2009);

*eAcceleration Corp. v. Trend Micro, Inc.*, 408 F. Supp. 2d 1110, 1114 (W.D. Wash. 2006);

*Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 742-43, 733 P.2d 208 (Wash. 1987); *Seattle

Endeavors v. Mastro*, 123 Wn.2d 339, 350, 868 P.2d 120 (Wash. 1994).

## IV. PCHS PRESENTS NO EVIDENCE THAT IT IS ENTITLED TO ANY DAMAGES

To the extent the Court declines to grant summary judgment of no infringement, OPHS

separately moves for summary judgment of no damages because PCHS has presented no evidence

of causation. As an initial matter, PCHS has not presented any evidence of claimed damages.

Specifically, PCHS's Initial Disclosure, in which it was required pursuant to Fed. R. Civ.

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 23
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

P. 26(a)(1)(A)(iii) to provide, without awaiting a discovery request, a "computation of each category of damages," and to make available for inspection and copying "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based," responded claiming "(a) its lost profits; (b) infringers' profits; (c) exemplary damages; (d) its reasonable attorney's fees; and (e) its costs." (Lowe Ex. M) Yet PCHS has failed to provide the required "computation of each category of damages" or document upon which such computations are based.

Speculation is insufficient to survive summary judgment. *Guidroz-Brault v. Missouri Pac. R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (observing that to survive summary judgment, plaintiffs bear the burden to produce evidence "other than speculation or guesswork"); *Sleep Country USA, Inc. v. Nw. Pac., Inc.*, 2003 U.S. Dist. LEXIS 26055, at *18 (W.D. Wash. Oct. 10, 2003) (a plaintiff's mere subjective belief that he has suffered injury is insufficient). Without any computation or supporting evidence, PCHS's damages claim should be summarily dismissed. This is especially so where a claim for trademark damages requires evidence showing that any damage was caused by the trademark infringement. *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993) ("lost profits which the plaintiff would have earned but for the infringement"); *Adray v. Adry-Mart, Inc.*, 76 F.3d 984, 988 (9th Cir. 1995) (corrective advertising "is intended to make the plaintiff whole. It does so by allowing the plaintiff to recover the cost of advertising undertaken to restore the value plaintiff s trademark has lost due to defendant's infringement."); *Rolex Watch, U.S.A., Inc., v. Michel Co.*, 179 F.3d 704, 712 (9th Cir. 1999) (holding that plaintiff carries burden to show with "reasonable certainty" defendant's gross sales from infringing activity). But PCHS has no evidence that any alleged trademark infringement by OPHS caused damage to PCHS. And without this evidence, PCHS' claim for damages fails as a matter of law.

## CONCLUSION

OPHS respectfully requests that the Court grant its motion for summary judgment of no trademark infringement and no damages, and dismiss PCHS' complaint in its entirety.

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 24
Civil Action No. 20-cv-5999BHS

OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

RESPECTFULLY SUBMITTED April 8, 2021.

s/ David A. Lowe, WSBA No. 24453
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES^PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300

Attorneys for Defendants

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 25
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES_PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

s/ David A. Lowe

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 26
Civil Action No. 20-cv-5999BHS
OPHS-6-0001P007 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301